**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES ANTHONY WOLFE,       :     Civil No. 3:25-cv-593
                              :
          Plaintiff         :     (Judge Mariani)
                              :
       v.                :
                              :
SUPERINTENDENT RIVELLO,     :
                              :
          Defendant     :

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by James Anthony Wolfe ("Wolfe"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania. (Doc. 1). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 28 U.S.C. § 1915A(b)(1).

## I.    Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Wolfe proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for
redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"As a rule, habeas petitions and § 1983 complaints are not 'coextensive either in

purpose or effect.'  Where a state prisoner seeks to attack the fact or duration of his

conviction or sentence, he must seek relief through a habeas petition, not a § 1983

complaint." *Rushing v. Pennsylvania*, 2016 WL 25579, at *2-3 (3d Cir. 2016) (quoting

*Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)); *see also Strickland v. Washington*,

466 U.S. 668 (1984).  "The underlying purpose of proceedings under the 'Great Writ' of

habeas corpus has traditionally been to 'inquire into the legality of the detention, and the

only judicial relief authorized was the discharge of the prisoner or his admission to bail, and

that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting

*Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114

Harv.L.Rev. 1551, 1553 (2001)).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to

recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487.  When a state prisoner seeks damages in a § 1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. *Id.* at 487.  If it would, and the sentence has not already been invalidated, the complaint must be dismissed.  *Id.*

Wolfe commenced this § 1983 action against Superintendent Rivello.  The complaint, even when liberally construed, is frivolous and fails to state a legal basis for a § 1983 claim.  Wolfe appears to challenge his conviction and sentence entered in the Court of Common Pleas of Blair County, criminal case CP-07-CR-0001569-1999.  (Doc. 1, at 1; *Commonwealth v. Wolfe*, CP-07-CR-0001569-1999 (Pa. Ct. Com. Pl. Blair Cnty.)).  He asserts that he is "being held in violation of the United States and Pennsylvania Constitutions" and argues that his sentence has expired.  (*Id.*).  Wolfe seeks release from custody, as well as monetary relief.  (*Id.* at 2).

Because Wolfe seemingly challenges the duration of his confinement and seeks release from custody, such relief is not available via § 1983.  Furthermore, to the extent that Wolfe seeks damages, a favorable outcome on a damages claim would necessarily imply the invalidity of his criminal conviction.  Consequently, Wolfe's § 1983 claim cannot proceed

until his conviction and sentence are invalidated through a habeas corpus action or some other appropriate means.  Therefore, the complaint must be dismissed.

## III. Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Wolfe.  *See Erickson v. Pardus*, 551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  Based on the nature of the allegations, it is clear that affording Wolfe leave to amend would be futile.

## IV. Conclusion

The Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii) and 28 U.S.C. § 1915A(b)(1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April __3__, 2025

7